E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0102
     Facsimile: (213) 894-6269
     E-mail:    andrew.brown@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:22-CR-00250-FLA |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION |
| v. | Hearing: 10/21/2022 at 10:00am |
| EMERUWA NDUKWE, | |
| Defendant. | |

The government concurs in the findings of the Presentence Report, and recommends that statutory mandatory sentence of two years in prison, followed by the maximum permissible period of supervised release, one year.  For the reasons stated below, the government recommends that the prison sentence run consecutive to defendant's current DUI sentence, and that the terms of defendant's supervised release include a suspicionless search condition.

**A.   DEFENDANT'S TWO-YEAR PRISON SENTENCE IN THIS CASE MUST BE CONSECUTIVE TO HIS DRUNK DRIVING SENTENCE FROM VIRGINIA**

On May 18, 2022, defendant was sentenced to 12 months in jail for driving while intoxicated.  (PSR ¶ 12).  It is likely that he

has already completed this sentence, as most of it was suspended. Regardless, defendant's conviction in this case must be imposed to run consecutively to any other sentence:

> [N]o term of imprisonment imposed on a person under this section shall run concurrently with any other term of imprisonment imposed on the person under any other provision of law . . . .

18 U.S.C. § 1028A(b)(2). That defendant's prior sentence was not federal is irrelevant:

> Usher argues that the district court erred by interpreting 18 U.S.C. § 1028A(b)(2) to require Usher's three concurrent sentences for aggravated identify theft to run consecutively to all of his sentences for state-law offenses. . . . [W]e hold that the district court was correct. Section 1028A explicitly states that, "[n]otwithstanding any other provision of law," sentences imposed under this provision may not run "concurrently with any other term of imprisonment imposed on the person under any other provision of law." 18 U.S.C. 1028A(b). We see no reason to exclude state sentences from the ambit of this provision.

United States v. Usher, 789 Fed. Appx. 585, *586 (9th Cir. 2020).

### A. SUPERVISED RELEASE SHOULD INCLUDE SUSPICIONLESS SEARCH CONDITIONS

The Ninth Circuit has upheld suspicionless search conditions as part of supervised release, which both protects the public and deters recidivism as the offender knows that the chance of detection of any criminal conduct is greater. See United States v. Betts, 511 F.3d 872, 876 (9th Cir. 2007) (affirming suspicionless search condition in part because "the public is entitled to protection against the possibility" of recidivism); United States v. Tafelmeyer, 584 Fed.Appx. 766, 767 (9th Cir. 2014) ("The district court did not abuse its discretion in imposing [a suspicionless search] condition of release because the condition reasonably

furthers the goals of deterrence, protection of the public, and rehabilitation of the offender.") (citations and quotations omitted).

The Supreme Court has similarly upheld suspicionless search conditions on all parolees in California:

> California's ability to conduct suspicionless searches of parolees serves its interest in reducing recidivism, in a manner that aids, rather than hinders, the reintegration of parolees into productive society.

Samson v. California, 547 U.S. 843, 854 (2006).

Nevertheless, the Probation Office typically recommends that search conditions require "reasonable suspicion." This is a bad policy for two reasons. First, as both the Ninth Circuit and Supreme Court have held, it is the risk that those on supervision could be searched at any time, for any or no reason, that deters those offenders from possessing contraband or engaging in new criminal conduct, and therefore promotes rehabilitation and public safety. Conditioning searches upon a showing of reasonable suspicion makes them less likely and therefore less effective. Indeed, Samson rejected the argument that reasonable suspicion should be required before an officer could make use of a search condition, and criticized such restrictions for undercutting the safety and deterrence benefits suspicionless search conditions create, as the Ninth Circuit also recognized: "'[i]mposing a reasonable suspicion requirement . . . would give parolees greater opportunity to anticipate searches and conceal criminality.'" Betts, 511 F.3d at 876, quoting Samson.

Second, a search condition that requires reasonable suspicion will result in widespread confusion because it is contrary to

3

California's search condition scheme, and the overwhelming majority of law enforcement officers in our district have been trained in the state scheme. By state statute, all parolees are subject to "search or seizure by a probation or parole officer or other peace officer at any time of the day or night, with or without a search warrant <u>or with or without cause</u>." Cal. Penal Code Ann. § 3067(b)(3). There are well over 100,000 California released parolees subject to this condition. <u>Samson</u> at 853 ("As of November 30, 2005, California had over 130,000 released parolees."). Given the uniformity of California's suspicionless search scheme, and the overwhelmingly larger numbers of state officers and state parolees, search conditions that differ slightly from the state scheme will generate many mistakes, not a slightly different supervision policy.

Accordingly, the government asks the court to impose the following search condition:

> Defendant shall submit defendant's person and any property, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search and seizure at any time of the day or night by any law enforcement or probation officer, with or without a warrant, and with or without cause. If stopped or questioned by a law enforcement officer for any reason, defendant shall notify that officer that defendant is on federal supervised release and subject to search with or without cause.

This condition is particularly appropriate for defendant as he used computers and innumerable burner cell phones to perpetrate this fraud, and possessed mail in other persons' names in his residence. (Complaint Aff. Pages 2-3). Indeed, the case for imposing a suspicionless search condition on defendant is much stronger than it was in other cases in which those conditions have been affirmed by the Supreme Court or Ninth Circuit. <u>Samson</u>, 547 U.S. 843 (affirming

blanket suspicionless search condition on all California parolees); Betts, 511 F.3d 872 (affirming suspicionless search condition on offender who had no criminal record and whose crime – taking bribes to delete negative credit information from Transunion's database – would be difficult to detect by search).

### B. THE PROBATION OFFICE DECLINED TO SUBMIT A RECOMMENDED SENTENCE OR PROPOSED CONDITIONS OF SUPERVISED RELEASE BECAUSE DEFENDANT REQUESTED ONLY A "MODIFIED" PRESENTENCE REPORT

This prosecutor asked the probation officer why there was no recommended sentence with proposed conditions of supervised release, and learned that it is their policy not to when a "modified" presentence report has been ordered, but that the probation office would prepare one if requested to do so by the Court. The government recommends that the Court so request so that it will have in one place a proposed sentence including restitution and supervised release conditions, which the government believes will make sentencing proceed more smoothly.

Dated: September 19, 2022        Respectfully submitted,

                                 E. MARTIN ESTRADA
                                 United States Attorney

                                 SCOTT M. GARRINGER
                                 Assistant United States Attorney
                                 Chief, Criminal Division

                                 /s/ Andrew Brown
                                 _____
                                 ANDREW BROWN
                                 Assistant United States Attorney

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA